# EXHIBIT 1

# CODE OF VIRGINIA

## AS AMENDED

## To Adjournment of General Assembly 1904

TOGETHER WITH ALL OTHER STATUTES OF A
GENERAL AND PERMANENT NATURE THEN
IN FORCE, INCLUDING TAX BILL

## ANNOTATED

## CONSTITUTION OF VIRGINIA

CONSTITUTION OF THE UNITED STATES, DECLARATION OF INDEPENDENCE, ARTICLES OF CONFEDERATION

PUBLISHED BY AUTHORITY OF THE GENERAL ASSEMBLY

EDITED BY
JNO. GARLAND POLLARD
OF THE RICHMOND BAR

IN TWO VOLUMES
**VOL. 2**

St. Paul, Minn.
WEST PUBLISHING CO.
1904

COPYRIGHT, 1904,
BY
JNO. GARLAND POLLARD.

469. See, generally, Dillard v. Collins, 25 Grat. 343; Adams v. Lawson, 17 Grat. 250, 94 Am. Dec. 455; as to inadequate damages, Blackwell v. Landreth, 90 Va. 748, 19 S. E. 791.

**Pleadings.**—A publication containing insulting words may be declared on under the statute, though it be libelous under the common law. Chaffin v. Lynch, 83 Va. 106, 1 S. E. 803; Payne v. Tancil, 98 Va. 262, 35 S. E. 725.

An allegation that the words used are, "from their usual construction and common acceptation, construed as insults, and tend to violence and breach of the peace," makes the declaration one under the statute, though words used are objectionable at common law. Haskell v. Bailey, 63 Fed. 873, 11 C. C. A. 476.

Declaration is demurrable unless it sufficiently sets out either a case of common-law slander or an insult under the statute. Hogan v. Wilmoth, 16 Grat. 80.

The common law and statutory causes of action cannot be blended in one count. Moseley v. Moss, 6 Grat. 534; Hogan v. Wilmoth, 16 Grat. 80; Chaffin v. Lynch, 83 Va. 106, 1 S. E. 803.

Declaration must aver that the words from the usual construction and common acceptation are construed as insults, and tend to violence and breach of the peace, or else employ some other equivalent averment to denote that the words are actionable under the statute. Hogan v. Wilmoth, 16 Grat. 80; Chaffin v. Lynch, 83 Va. 106, 1 S. E. 803.

Where the words are not charged to have been spoken of or concerning the plaintiff, and there is nothing which can, by fair construction, apply to the plaintiff, the declaration will be insufficient. Cave v. Shelor, 2 Munf. 193; Donaghe v. Rankin, 4 Munf. 261.

In an action for a statutory slander, the plaintiff must declare under the statute. If he does not, his declaration must set out a common-law slander, and if the words charged do not amount to slander they cannot be helped by the innuendo. Moseley v. Moss, 6 Grat. 534.

A declaration laying the charge in the alternative, viz., that the defendant spoke words or words of like import, is good after verdict. Bell v. Bugg, 4 Munf. 260.

It is not place where libelous article is printed, but the place where it is published and circulated, that makes words actionable hereunder, making one who procured their publication liable therefor. Haskell v. Bailey, 63 Fed. 873, 11 C. C. A. 476.

Evidence in mitigation of damages, see Sec. 3375 and notes.

Declaration for slander should always contain a count under this section.

For monographic note on Libel and Slander, see Bourland v. Eidson, 8 Grat. 27, Va. Rep. Ann.

Form of declaration in trespass on the case for slander, under the statute of Virginia, 4 Min. (3d Ed.) 1711.

### Sec. 2897a. To prevent the unauthorized use of the name or picture of any person for the purpose of trade or for advertising purposes.

A person, firm, or corporation that knowingly uses for advertising purposes, or for the purposes of trade, the name, portrait, or picture of any living person, resident in the State, without having first obtained the written consent of such person, or, if a minor, of his or her parent or guardian, as well as that of said minor, shall be deemed guilty of a misdemeanor and be fined not less than fifty nor more than one thousand dollars. Any person whose name, portrait, or picture is used within this State for advertising purposes or for the purposes of trade, without the written consent first obtained as above provided, may maintain a suit in equity against the person, firm, or corporation so using his name, portrait, or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by

(1524)

reason of such use, and if the defendant shall have knowingly used such person's name, portrait, or picture in such manner as is forbidden or declared to be unlawful by this act, the jury, in its discretion, may award exemplary damages. (1904, p. 111.)

### Sec. 2898. For wrongful distress, &c.

If property be distrained for any rent not due, or attached for any rent not accruing, or taken under any attachment sued out without good cause, the owner of such property may, in an action against the party suing out the warrant of distress or attachment, recover damages for the wrongful seizure, and also, if the property be sold, for the sale thereof. (Code 1849, p. 589, c. 148, § 3.)

> **In general.**—This section was designed to meet both the case where no rent is due or accruing and the case where the distress or attachment is for more than is due or accruing. Rep. Rev. 1849, 735, note.
> 
> A landlord who employs an agent to lease his property and receive rents is not liable in damages for the act of the agent in unlawfully suing out a distress warrant against the tenant, unless he directed or approved the proceedings had under the distress warrant, or failed to repudiate such proceedings after full knowledge of them. Fishburne v. Engledove, 91 Va. 548, 22 S. E. 354.
> 
> The circumstance that the party distrained upon sued out a writ of replevin, which was never prosecuted, will not prevent him from maintaining a case for the wrongful distress. Olinger v. McChesney, 7 Leigh, 660.
> 
> **Pleadings.**—Plaintiff may elect to bring either trespass or case. Olinger v. McChesney, 7 Leigh, 660.
> 
> Declaration is bad on general demurrer if it does not set forth the relation of landlord and tenant existing between plaintiff and defendant. Jones v. Murdaugh, 2 Leigh, 447.
> 
> **Evidence.**—In this case a judgment in favor of tenant in action of unlawful detainer brought against him is no evidence that no rent was due at the time the distress warrant was sued out. Fishburne v. Engledove, 91 Va. 548, 22 S. E. 354.
> 
> A variance between the contract of lease as alleged and as proved will be fatal. Olinger v. McChesney, 7 Leigh, 660.
> 
> **Measure of damages.**—In the absence of any charge of fraud, malice, oppression, or other special aggravation, the measure of the plaintiff's damages is compensation for the injury suffered. Fishburne v. Engledove, 91 Va. 548, 22 S. E. 354.
> 
> See 1 Barton, L. Pr. (2d Ed.) 200; 4 Min. 131; Sams, Attachment, 170; 2 Barton, L. Pr. (2d Ed.) 1010.

### Sec. 2899. Replevin abolished.

No action of replevin shall be hereafter brought. (Code 1849, p. 589, c. 148, § 4.)

> See Vaiden v. Bell, 3 Rand. 448.

### Sec. 2900. Damages from violation of a statute, and remedy therefor, and the penalty.

Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages. And the damages so sustained, together with any penalty or forfeiture imposed for the violation of the statute, may be recovered